**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CAUSE NO.3:04cr0087AS |
| ) | |
| GARY VAN WAEYENBERGHE ) | |

**REPORT AND RECOMMENDATION**

On April 25, 2005, the Honorable Allen Sharp referred to the undersigned the defendant's *pro se* handwritten filings[1] to conduct such proceedings as are necessary to issue a Report and Recommendation regarding their disposition.

The first filing was submitted on April 21, 2005, and concerned the defendant's relationship with his attorney. Specifically, the filing lists several incidents where the defendant desired his court appointed counsel to take certain action and the defense counsel did not. The essence of the defendant's allegations is that his court appointed counsel failed to adequately defend him in his criminal trial.

The second filing was made on April 25, 2005, and alleged that the jury may have inadvertently seen the defendant in handcuffs or shackles during a recess in the trial. The defendant suggests this may have influenced the jury and jeopardized his presumption of innocence. A third handwritten submission was filed on April 27, 2005, and although not specifically referred to the undersigned, appears to be a continuation of the complaints of the first handwritten filing of April 21, 2005.

On May 3 and May 9, 2005, the undersigned conducted a status conference with counsel and the defendant on how best to proceed. Because the defendant has challenged his attorney's strategy, tactics and the adequacy of his defense, his lawyer voiced concern that any response

---

[1] The defendant's submissions are termed "filings" as the defendant did not name them nor did he ask for specific relief.

from him may violate the attorney client privilege and suggested he be allowed to withdraw. The United States in a "Motion to Strike Pro Se Filings" filed on May 6, 2005, argued that the court should strike the *pro se* filings, or if a hearing is required, to allow the defendant's current court appointed counsel to withdraw and to appoint new counsel.

Upon consideration of the motion of the United States and the controlling authority of this circuit, it is the recommendation that the defendant's *pro se* filings should be stricken. This recommendation is based upon the following analysis.

In United States v. Trapnell, 638 F.2d 1016, 1027(7th Cir. 1980), the Seventh Circuit held "A defendant in a criminal trial has the right to represent himself or to be represented by counsel, but there is no constitutional right to hybrid representation, the representation at the same time by counsel and *pro se.*"  See United States v. Daniels, 572 F.2d, 535, 538 (7th Cir. 1978) and cases cited therein.  See also 28 U.S.C. § 1654; McKaskle v. Wiggins, 465 U.S. 168 (1984); Faretta v. California, 422 U.S. 806 (1975).  This position was reiterated in Cain v. Peters, 972 F.2d 748 (7th Cir. 1992) where the court held "Representation by counsel and self-representation are mutually exclusive entitlements, in light of the Supreme Court's statement in *McKaskle* that the sixth amendment does not create a right to hybrid representation." Id. at 750.    In this case, Van Waeyenberghe is represented by his court appointed counsel.  On March 29, 2005, less than a month before trial, Van Waeyenberghe filed a motion to terminate his counsel and requested the court to appoint new counsel.  This motion was denied on April 4, 2005.

Additionally, while the defendant has a constitutional right to represent himself and to proceed *pro se*, he is not seeking to do so.  At the May 9, 2005 status conference, the undersigned specifically asked the defendant whether he wanted to represent himself.   He answered no. Rather, Van Waeyenberghe wanted the court to appoint new counsel to defend him, he did not feel comfortable proceeding without counsel.

This is precisely the type of "hybrid representation" that is not permitted. The Constitution guarantees the defendant the right to counsel, or if the defendant waives this right, the defendant may represent himself. But he may not have it both ways. Van Waeyenberghe's filings appear to be an attempt to sabotage his criminal trial. In Cain, Judge Easterbrook was particularly aware of such tactics that hybrid representation could produce when commenting on whether the defendant had waived or forfeited his right to counsel. Judge Easterbrook further remarked that the defendant should clearly inform the court of his intentions. "Anything else is an effort to sandbag, the court and the opposition, to seek an acquittal with an ace up the sleeve to be whipped out in the event of conviction." Id. at 750. Cf. United States v. Busche, 915 F.2d 1150 (7th Cir. 1990); United States v. Bauer, 956 F.2d 693 (7th Cir. 1992).

While striking the defendant's *pro se* filings may appear to be severe, this procedure was specifically sanctioned by the Seventh Circuit as appropriate in United States v. Draves, 103 F.3d 1328, 1335 footnote 5 (7th Cir. 1997).

Furthermore, while Van Waeyenberghe's present counsel has expressed his discomfort in continuing his representation, particularly in respect to the matters raised in Van Waeyenberghe's *pro se* filings, he has not filed a motion to withdraw. If the defendant's *pro se* filings are stricken, the defendant's present counsel may continue to represent the defendant through sentencing. Following sentencing the defendant may raise the issues alleged in his filings on direct appeal if the record is sufficiently developed, clear cut and can be determined exclusively from the trial record, otherwise the matter should be addressed in a later collateral proceeding under 28 U.S.C. §2255 where an evidentiary hearing may be held to allow the attorney to explain his actions. See United States v. Wiman, 77 F.3d 981 (7th Cir. 1996); Guinan v. United States, 6 F.3d 468 (7th Cir. 1993). This procedure also avoids any delay that would result if the defendant's current counsel would be permitted to withdraw and new counsel appointed. Considering the complexity of this case, any delay caused by the appointment of new counsel

would not be insignificant.  The defendant also is not prejudiced by striking his filings because the court is not deciding their merits but only the proper timing of when those issues may be raised.

Accordingly, because the defendant has counsel and has specifically and unequivocally requested the assistance of counsel, he may not now engage in the conduct he has, namely to file matters on his own behalf.  The defendant will be heard, but he speaks through his counsel.  The law simply does not permit the hybrid representation the defendant has attempted.  For these reasons, the undersigned respectfully recommends that the *pro se* filings of the defendant should be stricken.

Respectfully submitted,

Dated May 13, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
